ON MOTION TO REINSTATE APPEAL
SUGG, Presiding Justice,
for the Court:
The Fern House, Inc. has filed a motion to reinstate this appeal on the ground that it perfected a cross-appeal and the dismissal of the appeal has deprived it of the right to assert its claim to this Court. Kemp and Brister respond to the motion by asserting that Fern House has failed to comply with the provisions of Supreme Court Rule 18 in that they failed to set forth probable error in the proceedings and good cause for reinstatement.
This case was begun by filing a declaration in the Circuit Court of Madison County by Fern House demanding damages in the amount of $363,237.64 from Kemp and Bris-ter. A trial before the judge without a jury resulted in a judgment in favor of Fern House against Kemp and Brister for $7,900. Time was granted for filing post trial motions and a motion for a new trial was filed on February 16, 1982 and overruled on March 4, 1982. Kemp and Brister filed a petition for appeal, apparently on March 8, 1982. The date on the filing stamp is blurred, but most of the instruments appear to have been filed on that date although they were dated March 4,1982. Kemp and Brister also filed a notice to the court reporter dated March 4, 1982. These instruments were filed by Kemp and Brister on the same date that Fern House filed a petition for appeal, a notice of appeal, and notice to the court reporter. The petition for appeal designated the appeal of Fern *565 House as a cross-appeal. The costs have been paid, and although there is no showing as to who made the payment, we presume that the costs were paid by Kemp and Bris-ter since they took the original appeal.
The appeal was dismissed on motion of Kemp and Brister on August 25, 1982. Fern House filed its motion to reinstate on September 3, 1982. Fern House admits that it did not respond to the motion to dismiss because it had no objection to the appellants dismissing their appeal; however, Fern House upon learning that the dismissal carried with it a dismissal of its cross-appeal, Fern House filed its motion to reinstate the appeal.
Since Fern House filed a petition for appeal [1] as authorized by section 11-51-15 Mississippi Code Annotated (Supp.1982), we are of the opinion that Fern House should not be deprived of its right to appeal simply because the original appellants dismissed their appeal.
We therefore reinstate the appeal but with the parties realigned to show Fern House, Inc. as appellant and Kemp and Brister as appellees. This reinstatement is on condition that Fern House furnish evidence to this Court by January 10, 1983, evidence that it has paid all costs by reimbursing Kemp and Brister for the cost which they paid to perfect the original appeal, in case Kemp and Brister in fact paid the cost. However, if Fern House paid the costs of the original appeal it shall furnish evidence of such payment.
We further hold that the reinstatement shall be without prejudice to Kemp and Brister to file a cross-appeal at the appropriate time as provided by Supreme Court Rule 6.
APPEAL REINSTATED.
PATTERSON, C.J., WALKER, P.J., and BROOM, ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and PRATHER, JJ., concur.

. Fern House’s petition was designated as a petition for cross-appeal, but should have been simply a petition for an appeal.